IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                       No. 18-10073-01-JWB

RAYQUAN HILL,

    Defendant.

**MEMORANDUM AND ORDER**

This matter came before the court on February 13, 2019, for a hearing on Defendant's Motion to Appoint New Counsel (Doc. 34), and for a hearing pursuant to 18 U.S.C. § 4247(d) to determine Defendant's competency to stand trial. For the reasons stated at the hearing, and as supplemented in this order, Defendant's Motion to Appoint New Counsel (Doc. 34) is DENIED and the court finds that Defendant is competent to stand trial.

**I. Background**

Defendant filed a motion on September 21, 2018, to determine Defendant's competence to stand trial. (Doc. 38). The motion requested an order for a mental examination and a hearing to determine competency. The court granted the motion after a hearing. Based on its inquiry, the court found reasonable cause to believe Defendant may be suffering from a mental disease or defect that may make him unable to assist properly in his defense. (Doc. 41.) The court ordered Defendant to be transported to a federal medical center as designated by the Federal Bureau of

Prisons for examination by a BOP examiner. (*Id*. at 2.) The order directed the examiner to prepare and file the report of the findings pursuant to § 4247(b).

An examination was performed by Samantha Shelton, Psy. D. The report was received by the court on January 22, 2019. The parties agreed to the admission of the report during the competency hearing and it will be filed on the docket.

**II. Discussion**

**A. Competency Determination**

The court has reviewed the report of Dr. Shelton. Dr. Shelton's report extensively reviews Defendant's education, employment, medical, and mental health history. Dr. Shelton notes that Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and Asperger's Syndrome [Autism Spectrum Disorder] during childhood. Dr. Shelton opined that Defendant was not experiencing any major mood disturbances and determined that his Autism Spectrum Disorder was mild. Dr. Shelton further observed that Defendant did not exhibit observable symptoms to meet the criteria for Autism Spectrum Disorder but that his well-documented history supported the diagnosis. Based on the evaluation and medical information, Dr. Shelton determined that Defendant had the following diagnosis: Autism Spectrum Disorder; Cannabis Use; and Adult Antisocial Behavior.

Dr. Shelton administered various tests, including the Wechsler Abbreviated Scale of Intelligence (WASI-II) and the Minnesota Multiphasic Personality Inventory (MMPI-2). Notably, Defendant's test scores reflect that he has the ability to reason based on learned information. Dr. Shelton compared his test results with previous tests that Defendant had taken in August 2018 and determined that Defendant's intellectual functioning was within the low average range. Defendant's conduct during his time in the institution was also evaluated. Defendant interacted

appropriately with other inmates, engaged in appropriate communication, and understood and responded to questions from the evaluator.

Dr. Shelton concluded that there was no objective evidence to indicate that Defendant suffers from a major mental disorder that would impair his ability to understand the nature and consequences of the court proceedings or his ability to assist in his defense. Defendant displayed a stable mental status throughout the evaluation and adequate understanding of basic legal concepts and skills. Defendant was attentive and able to concentrate during hours of evaluation. Dr. Shelton concluded that Defendant is fully competent to understand the nature and consequences of the court proceedings and assist defense counsel in his defense.

Defendant was placed under oath and the court questioned Defendant regarding Defendant's examination and ability to understand the proceedings. In response to inquiries by the court, Defendant stated that he understood the charges and the potential sentence. Defendant stated that he had discussed the statutory range and his potential guideline sentencing range with his attorney. Defendant responded upon inquiry that he is able to think more clearly now that he has not been using marijuana. The court also discussed Defendant's motion to appoint counsel. In the motion, Defendant addressed his concerns with the proposed plea agreement and the factual basis. The motion also discusses the evidence in this case, including a video of the incident and the involvement of a co-defendant. This suggests that Defendant is able to understand the nature of the charges. Defendant's motion also suggests that he has been active in his defense based on his communications with his attorney.

The court concludes that the opinions in Dr. Shelton's report are well-founded and that the totality of the report, as well as the court's observations and discussion with Defendant, show by a preponderance of the evidence that Defendant is able to understand the nature and

3

consequences of the proceedings against him and is able to properly assist in his defense. *See* 18 U.S.C. § 4241(d) (preponderance standard governs competency determination.) The court therefore finds Defendant is competent to stand trial.

### B. Motion to Appoint Counsel

Defendant has moved to appoint new counsel on the basis that there is a conflict of interest. (Doc. 34.) The court held a hearing on Defendant's motion. During the hearing, the court conducted an examination of Defendant regarding his motion. For a portion of that hearing, the court closed the courtroom to the public and excluded the government, but Defendant's counsel remained present. The transcript of that portion of the hearing was ordered to be maintained sealed and ex parte.

"Although the Sixth Amendment provides defendants with the right to counsel in criminal cases, defendants who are appointed counsel are not entitled to counsel of their own choosing." *United States v. Frech*, 149 F.3d 1192, 1998 WL 317472 at *2 (10th Cir. 1998) (citing *United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988)). To permit a substitution of counsel, Defendant must show good cause, such as "conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *McGee v. Kansas*, No. 13-3060-SAC, 2015 WL 5098255, at *8 (D. Kan. Aug. 31, 2015); *United States v. Blaze*, 143 F.3d 585, 593 (10th Cir. 1998).

A conflict of interest is present when there is a division of loyalties that affects counsel's performance. *United States v. Williamson*, 859 F.3d 843, 851 (10th Cir. 2017). An actual conflict of interest will warrant a substitution of counsel when counsel is "forced to make choices" that advance the interest of others to the detriment of his client. *Id.* at 852. Based on the in camera

4

hearing, the court finds that Defendant has not shown that there is a conflict of interest in this matter.[1]

Defendant also asserted that there was a disagreement regarding the language in the plea documents. "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). In order to prove a total breakdown, Defendant "must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.* Defendant has not done so. Based on the in camera inquiry conducted by the court, the court finds that there was not a total breakdown in communications in this matter.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Appoint Counsel (Doc. 34) is DENIED. The court determines that Defendant is competent to stand trial.

IT IS SO ORDERED this 14th day of February, 2019.

        ___s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE

---

[1] Due to the in-camera nature of the hearing, this order is written in general terms with respect to the specific matters addressed at the hearing. In the event of an appeal or consideration of an appeal, authorized parties or the reviewing court should refer to the hearing transcript for specific details.